UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SALAS,<br><br>                    Petitioner<br><br>          v.<br><br>FOULK, Warden,<br><br>                    Respondent. | Case No. CV 14-8152-AG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

    In his Objections, Petitioner raises two new claims and arguments not previously presented in this action.  A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation.  *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  The Court has exercised its discretion with respect to these new matters as follows.

In connection with his discussion of Grounds One, Four, and Six in the Objections, Petitioner argues that error was committed within the meaning of the California Supreme Court's decision in *People v. Sanchez*, 63 Cal 4th 665 (2016). These habeas claims stem from the admission of third party testimony indicating that Petitioner's wife was having an affair with a member of the rival gang, and the gang expert's response to the prosecutor's hypothetical question premised on such an event. Petitioner asserts that, because the gang expert lacked personal knowledge that the affair had occurred, then under *Sanchez*, his testimony in response to a hypothetical premised on such an affair, including regarding its likely effect on gang members, was impermissible.

Petitioner misapprehends the meaning of the *Sanchez* decision. In *Sanchez*, the California Supreme Court considered when gang experts may rely on matters based upon out-of-court statements, *i.e.,* hearsay, in forming expert opinions for purposes of the Confrontation Clause. The state high court concluded that a Confrontation Clause violation may occur when an expert relies on testimonial hearsay and treats it as true and accurate for purposes of formulating his or her expert opinion, absent a showing of unavailability and a prior opportunity for cross-examination. 63 Cal. 4th at 686. The California Supreme Court, however, expressly, carved out from its holding expert opinions in response to hypothetical questions premised on case-specific facts that were established at trial. *Id.* at 684-85. As discussed in the Report, various witnesses testified to their percipient knowledge of events indicating the affair. The prosecutor based the hypothetical to the gang expert on such witness testimony. Both the hypothetical and the expert's response were permissible under *Sanchez*. Accordingly, regardless of any retroactivity, exhaustion, and AEDPA issues involved in Petitioner raising a claim based on a state law decision that issued years after his conviction was final, his *Sanchez* argument fails on its face.

Petitioner also relies on another California Supreme Court decision that issued after his conviction was final – *People v. Chiu*, 59 Cal. 4th 155 (2014). Under *Chiu*,

a defendant may not be convicted of first degree premeditated murder under the theory that he aided and abetted a non-murder target crime and the resulting first degree murder was the natural and probable consequence of that target crime. Instead, such aiding and abetting liability must be based on direct aiding and abetting principles. *Id.* at 158-59. In the Objections, Petitioner raises a new claim that *Chiu* instructional error occurred at his trial.

Petitioner's new *Chiu* claim is unexhausted and not properly raised for the first time in Objections. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*) (*per curiam*); *see also* Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts (the petition "must" "specify all grounds for relief available to the petitioner");*Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (declining to consider three additional ineffective assistance of counsel claims and noting, "since they were not made in the federal petition, we need not consider them"). Moreover, Petitioner was not convicted of first degree premeditated murder; he was convicted of second degree murder. Thus, even if his unexhausted and belatedly-raised *Chiu* claim was properly before the Court, any purported *Chiu* error necessarily was harmless. *See Brecht v. Abrahamson*, 113 S. Ct. 1710, 1714 (1993) (an error is harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict").

The Court has carefully considered Petitioner's Objections. The Court concludes that nothing set forth therein affects or alters, or calls into question, the analysis and conclusions set forth in the Report.

///

///

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: March 30, 2017   _____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE